AO 247 (Rev. 08/14) ALSD  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

| United States of America | ) |
|---|---|
| v. | ) |
| CALVIN BUDDY JORDAN | ) Case No: 12-0127-WS |
|  | ) USM No: |
| Date of Original Judgment: October 16, 2015 | ) |
| Date of Previous Amended Judgment: | ) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

**ADDITIONAL COMMENTS**

Jordan moves for modification of sentence pursuant to 18 U.S.C. 3582(c)(2) based on retroactive application of USSG Amendment 782. The motion fails for at least two independent reasons. First, the sentencing hearing in this case was conducted on October 8, 2015, more than 11 months after Amendment 782's effective date of November 1, 2014. In other words, Amendment 782 was in effect at the time of Jordan's sentencing hearing, such that he would have received any benefit to which he was entitled by that amendment during that proceeding. Second, Amendment 782 is inapplicable in Jordan's case because his base offense level was calculated not by reference to the drug quantity table found at U.S.S.G. 2D1.1 (which was amended by Amendment 782), but by reference to U.S.S.G. 2A1.2 (which fixes a base offense level of 38 for offenses involving second degree murder). Amendment 782 did not alter the 2A1.2 base offense level. Because he was sentenced after Amendment 782 went into effect and his base offense level was not calculated using the 2D1.1 drug quantity table or otherwise affected by that amendment, Jordan is ineligible for sentencing relief under section 3582(c)(2).

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: February 11, 2016                s/ WILLIAM H. STEELE
                                              *Judge's signature*

Effective Date: _____                       CHIEF UNITED STATES DISTRICT JUDGE
*(if different from order date)*              *Printed name and title*