IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN JORDAN, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 16-0342-WS |
| | ) |
| v. | ) CRIM. ACTION NO. 12-0127-WS-N |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Currently before this Court is the United States of America's Motion to Dismiss Calvin Jordan's, a federal prisoner proceeding *pro se*, Motion to Vacate, Set Aside, or Correct pursuant to U.S.C. § 2255. (Doc. 78). Under S.D. Ala. GenLR 72(a)(2)(R), this matter been referred to the undersigned Magistrate Judge who is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under 28 U.S.C. § 2255, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* S.D. Ala. GenLR 72(b); (case docket, 6/30/2016 electronic reference).

Having reviewed the Jordan's petition and the subject Motion to Dismiss, the undersigned recommends that the Motion to Dismiss (Doc. 78) be granted and that Jordan's § 2255 motion (Doc. 77) be **DISMISSED with prejudice**. The undersigned further recommends that Jordan be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## I. BACKGROUND

On October 24, 2014, Petitioner entered a plea of guilty to using and carrying a firearm in connection with a drug trafficking felony in which a death occurred in violation of Title 18 U.S.C. § 924(c)(1), and § 924(j)(1) (Docs. 53, 54, 57). On October 16, 2015, Petitioner was sentenced to 140 months imprisonment. (Doc. 70). On February 4, 2016, Petitioner filed a Motion for Modification of Sentence (Doc. 72) which was denied on February 11, 2016 (Doc. 73). No further activity occurred in this criminal action until Jordan filed the present Motion to Vacate, Set Aside, or Correct pursuant to U.S.C. § 2255 on March 16, 2017. (Doc. 77).[1] Therein, Petitioner asserts a violation of his Sixth Amendment Due Process Rights because "I no longer qualify for the length of sentence I'm currently serving because my guide-line points were enhanced because of my prior conviction. My prior conviction was deemed a crime of violence." (Doc. 77

---

[1] Petitioner initially filed a handwritten Motion to Vacate (Doc. 74) on June 27, 2016, that has been superseded by the form § 2255 filed at this Court's direction.

at 4). Under Paragraph 18 of Petitioner's Motion, entitled "Timeliness of Motion", Petitioner states "The reasons why I'm trying to file this motion now is because (1) The Johnson and Welch cases rulings have made my arguments relevant now. (2) I sent an application for this motion in May or June of 2016. I was transferred from USP Atlanta to Yazoo City FCI on July 2016 and I'm just receiving this application on March 8, 2017." (Doc. 77 at 13).

On March 20, 2017, Respondent filed a Motion to Dismiss Jordan's § 2255 motion based on the fact that *Johnson v. United States*, 135 S. Ct. 2551 (2015) was not applicable to Jordan's case. (Doc. 78 at 2). After a review of Jordan's § 2255 motion and the Motion to Dismiss, this Court ordered Jordan to file a response to the Motion to Dismiss by not later than April 25, 2017. (Doc. 79). As of the date of this Report and Recommendation, Jordan has not filed a response.[2]

## II. DISCUSSION

Jordan's sole claim in the present § 2255 motion is that the Court's sentencing pursuant to 18 U.S.C. § 924(c) rendered his sentence unconstitutional under the reasoning of the United States Supreme Court's decision in *Johnson v. United States*, ––– U.S. –––, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which has been held to apply retroactively on collateral

---

[2] The failure of Jordan to comply with this Court's Order is also grounds for the recommendation of dismissal. However, regardless of Jordan's failure to file a response and comply with this Court's Order, his motion is subject to dismissal for the grounds stated herein below.

3

review. *Mays v. United States*, 817 F.3d 728, 737 (11th Cir. 2016) (per curiam); *Welch v. United States*, ––– U.S. ––––, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) which defines "violent felony" as a felony that "involves conduct that presents a serious potential risk of physical injury to another", is unconstitutionally vague.

Jordan was not sentenced under the residual clause of the ACCA and, therefore, *Johnson*, is not directly applicable. However, Section 924(c)(3)(B) contains a similar clause to the ACCA's residual clause invalidated by *Johnson*. Therefore, to the extent that Jordan asserts that the definition of "crime of violence" under § 924(c)(3)(B) is so similar to the ACCA's residual clause, that the former is, likewise, unconstitutionally vague such that Jordan's sentence is due to be vacated and/or corrected, the same is of no consequence to Jordan, because he was not sentenced for a "crime of violence" under § 924(c)(3)(B). Rather, the record reflects that Jordan pled guilty to aiding and abetting the use of a firearm during a *drug trafficking crime* which resulted in a death, in violation of 18 U.S.C. § 924(c)(1)(A).[3] (Doc. 70)(emphasis added). Therefore, whether or not § 924(c)(3)(B)'s definition of a "crime of violence", even if *Johnson* were applicable to the same, would not impact Jordan's sentence for a "drug trafficking crime" under § 924(c)(1)(A).

---

[3] Title 18 U.S.C. § 924(c)(1) makes it an offense to either (1) use or carry a firearm during and in relation to a crime of violence or drug trafficking crime or (2) possess a firearm in furtherance of such crime. *U.S. v. McKenzie*, 2007 WL 2043469, *2 (M.D. Ala. July 9, 2007).

4

*See e.g. Goodale v. United States*, 2016 WL 4013455, at *2 (N.D. Ala. July 27, 2016)(denying a motion pursuant to § 2255 explaining, "In this case, however, [Movant] was convicted and sentenced under the 'drug trafficking crime' portion of that law. A 'drug trafficking crime' is defined as 'any felony punishable under the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of title 46.' 18 U.S.C. § 924(D)(2)...Because the predicate offense was a drug trafficking crime, not a crime of violence, the reasoning put forth by [the Movant] under *Johnson* is not applicable."). Accordingly, Jordan's sentence under § 924(c) is valid regardless of whether 924(c)(3)(B)'s residual clause is unconstitutionally vague.

For these reasons, it plainly appears from the motion and the record that Jordan is not entitled to relief. Thus, the undersigned recommends that the Motion to Dismiss (Doc. 78) be granted and that Jordan's § 2255 motion (Doc. 77) be **DISMISSED with prejudice**.

### B. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of

appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).

The undersigned finds that reasonable jurists could not debate whether Jordan's § 2255 motion to vacate should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further. Accordingly, the undersigned finds that Jordan should be **DENIED** a Certificate of Appealability as to the present § 2255 motion.

Rule 11(a) further provides: "Before entering the final order, the court

may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

### C. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court certify that any appeal by Jordan of the dismissal of his § 2255 motion (Doc. 77) would be without merit and therefore not taken in good faith.

### III. Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 78) be **GRANTED** and Jordan's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 77) be **DENIED** and **DISMISSED with prejudice**. It is further **RECOMMENDED** that the Court find Jordan not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal because any appeal would not be taken in good faith.

### IV. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 22nd day of August 2017.

                                  */s/ Katherine P. Nelson*
                                  **KATHERINE P. NELSON**
                                  **UNITED STATES MAGISTRATE JUDGE**